IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

MICHAEL ROSS,

      **Plaintiff,**　　　　　　　　　　　　　　　　　　　　1:23-CV-00425

  vs.

BLUEFIELD AREA TRANSIT,
JOHN REEVES, General Manager,

      **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the ***Defendants' Motion to Dismiss Complaint Pursuant to Rule of Civil Procedure 12(b)(6)*** and ***Defendants' Memorandum of Law in Support of Their Motion to Dismiss Complaint Pursuant to Rule of Civil Procedure 12(b)(6)*** (ECF Nos. 8, 9). By Administrative Order entered on June 8, 2023, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3) Having examined the ***Complaint*** and numerous supporting documentation and Affidavits submitted by the Plaintiff (ECF Nos. 2, 2-1, 6, 7, 19, 22, 23, 23-1, 24, 25, 25-1, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 39, 46), other pleadings of record and pertinent legal authority, the undersigned has concluded that the ***Motion to Dismiss*** should be **GRANTED** for the reasons stated *infra*:

### Plaintiff's Allegations

The Plaintiff names two Defendants in this lawsuit, the Bluefield Area Transit ("BAT") and John Reeves ("Reeves"), its General Manager. The Plaintiff asserts this matter falls under this

1

Court's federal question jurisdiction, specifically pursuant to 42 U.S.C. § 2000a, "Title 42 Chp. 21 U.S.C.", and the Second Amendment.

The Plaintiff alleges that on March 23, 2023, when he boarded the BAT, he was denied a seat by a passenger. (ECF No. 2-1 at 1) When he tried to sit elsewhere, another passenger denied him a seat. (Id.) The Plaintiff alleges that he is totally blind and was struck in the face by another passenger who also called him a racial slur. (Id.) The Plaintiff asserts that he acted in self-defense, which is protected under the Second Amendment, noting that law enforcement was called to the scene and the Plaintiff was not charged with a crime. (Id.) The Plaintiff was able to ride the BAT to his home, but the following day, he was denied access to board per Reeves. (Id.) The Plaintiff alleges this violates 42 U.S.C. § 2000a, as he believes this is discrimination in a place of public accommodation. (Id. at 1-2)

The Plaintiff states the BAT is his main means of transportation, and having been denied to ride has greatly impacted his ability to get groceries, attend doctors' appointments, and go to the gym. (Id. at 2) As a result, the Plaintiff now suffers from depression most days, and due to the infraction against his civil rights under Section 2000a, including his right to bear arms, he asks for $500,000. (Id.)

**Procedural History**

On June 8, 2023, the Plaintiff, acting *pro se*[1], filed his Complaint for violations of federal statutes governing discrimination in a place of public accommodation and his constitutional right to self-defense. (ECF Nos. 2, 2-1)[2] On June 28, 2023, the BAT and Reeves filed their Motion to

---

[1] Because the Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] In further support of his Complaint, the Plaintiff filed additional documentation prior to service of the original Complaint and before any responsive pleadings were filed by the Defendants (ECF Nos. 6, 7). After service of his Complaint and after the Defendants filed their Motion to Dismiss, the Plaintiff filed additional documentation in

Dismiss, supporting Memorandum of Law, with a supporting Affidavit of Reeves (ECF Nos. 8, 9, 10, 10-1, 10-2). In accordance with the Roseboro notice issued by the undersigned (ECF No. 11), the Plaintiff filed his responses in opposition to the Defendants' Motion (ECF Nos. 12, 12-1 through 12-4, 14, 14-1, 14-2, 15, 16). On July 13, 2023, Reeves filed his Affidavit and additional documentation (ECF Nos. 20, 20-1, 20-2, 20-3, 20-4, 20-5). Consequently, the pending Motion in this matter is fully briefed and ready for resolution.

## Defendants' Argument in Support of Dismissal

The Defendants assert that the Plaintiff has failed to allege any facts that entitle him to relief, as he was not denied full and equal enjoyment of a public accommodation on the grounds of race, color, religion, or national origin and the Second Amendment does not provide for any private cause of action.

The Defendants provide further background of the incident occurring on a BAT vehicle: the Plaintiff boarded, and attempted to sit in a seat that was already occupied by another passenger, who stopped the Plaintiff from sitting down while stating "No, no, no"; the Plaintiff raised his white cane in response that caused the other passenger to flinch and got into a verbal disagreement with the passenger; the Plaintiff attempted to sit in another occupied seat; the Plaintiff then finds another seat, but prior to sitting down, gets into another verbal altercation with a passenger in the back of the bus. The Plaintiff then sits down and turns to the passenger to continue the verbal argument, and the passenger seated in the back pushed the Plaintiff's face away from him. The Plaintiff then proceeded to strike the passenger repeatedly although the passenger made no further

---

further support of his Complaint (e.g., ECF Nos. 19, 22, 23, 23-1, 24, 25, 25-1, 27, 28, 29, 30, 31, 32, 33, 33-1, 34, 35, 36, 39, 40, 41, 42, 43, 46). After review of the numerous additional documentation the Plaintiff filed in support of his Complaint, the undersigned declines to address or describe each of these, as the majority of these filings are devoid of meaningful context alongside his Complaint, for instance: articles regarding incidents on busses in Los Angeles; Jim Crow laws; Post-Traumatic Distress Disorder, Reverse Psychology; a Guide to Disability Rights Laws; a homicide investigation on a New York City subway; offers for settlement, etc.

attempts at aggression towards the Plaintiff. The BAT employee requested the Plaintiff to stop multiple times to no avail. Not until the arrival of law enforcement did the Plaintiff cease further aggression against the passenger, though the Defendants note that video surveillance on the bus shows that the Plaintiff and the passenger had a brief intermission where they were speaking to one another while exiting the bus. However, the Plaintiff reengages in what appeared to be physical combat without provocation by the passenger. The passenger was taken to his destination by law enforcement, and the Plaintiff was transported by BAT to his destination.

The following day, the Plaintiff was informed that his privileges were suspended for thirty days during a phone call with Reeves when the Plaintiff attempted to board a BAT bus. The Plaintiff was further informed that the reason for the suspension was due to his violation of the Passenger Conduct Policy. Reeves determined the suspension was warranted on the basis of the severity of the fight which showed three different outbursts by the Plaintiff, his failure to follow the driver's instruction, the safety violation by leaving his seat while the bus was in motion, striking another innocent passenger with his cane during the first outburst, and the disruption of BAT services when the driver had to pull off their predestined route and the bus had to be evacuated for the safety of the other passengers.

To the extent that the Plaintiff alleges a Section 1983 claim for the violation of his Second Amendment rights, the Defendants state that the Plaintiff fails to meet pleading standards as he fails to allege any specific policy or custom of BAT allegedly responsible for his damages. Additionally, the Plaintiff's claim under Section 2000a also fails because the Plaintiff himself alleges that private individuals denied him a seat and used a racial slur, none of which is attributed to the actions, policy, or procedure of these Defendants that would trigger liability under this

Section. The Defendants argue that there are also no alleged facts to support they violated the Plaintiff's Second Amendment rights.

### Plaintiff's Response in Opposition to Dismissal

The Plaintiff submits what is purportedly a list of signatures from other patrons of BAT ostensibly stating that they have ridden the BAT with the Plaintiff numerous times without incident (ECF No. 12). The Plaintiff states that the passenger who was transported by law enforcement was also taken to jail due to an outstanding warrant; the Plaintiff further asserts that the law enforcement officer contacted Reeves to request that the Plaintiff's riding privileges be reinstated but was denied. (ECF No. 14 at 3) In response to Reeve's Affidavit, the Plaintiff states that he was unable to use the seats in the front of the bus that are intended for elderly and disabled passengers. (ECF No. 15) The Plaintiff appears to allege that when he attempted to sit on an "apparent Caucasian passenger", Jim Crow laws were used by State and local laws to enforce racial segregation. (ECF No. 16) The Plaintiff filed a copy of DVD that recorded the subject incident. (ECF No. 19)

### Defendant Reeves Affidavit and Supporting Documentation

Reeves attests that he believes the Plaintiff meets the legal definition of blind but has no knowledge of his actual diagnosis or the extent of his blindness. (ECF No. 20) Reeves has no firsthand knowledge if the Plaintiff was called a racial slur, but states that none was used by a BAT employee or himself. (Id.) Reeves denies ever speaking with the law enforcement officer regarding the Plaintiff or the events of the incident and is only aware that he communicated with the driver to take the Plaintiff to his destination. (Id.) From the DVD of the video surveillance footage provided by the Plaintiff, Reeves attests that the Plaintiff is mistaken as to the date of the occurrence based on the date and time stamps from the video footage. (Id.) Regarding the BAT

rules that provide front seats are intended for elderly and disabled passengers, Reeves has no reason to presume the status of the two individuals who were seated in the front seats at the time the Plaintiff attempted to sit there. (Id.)

In addition to the supplemental documentation filed by the Plaintiff himself, Reeves attaches a BAT "Incident Report" signed by a BAT employee Jenni Pickens, the driver of the bus during the subject incident. (ECF No. 20-5) Ms. Pickens alleged that the incident occurred on March 22, 2023, at the Planet Fitness located at Mercer Mall. (Id.) She indicated that the incident occurred on the vehicle. (Id.) She states that when the Plaintiff boarded, he accidentally almost sat on another passenger and concedes that the Plaintiff is blind. (Id.) She states that the passenger "put his fist up like he was gonna hit [the Plaintiff]." (Id.) She states that another passenger was "cussing & calling names" to the Plaintiff "which escalated the situation[:] They got in each others faces and eventually started hitting each other. I immediately got on the radio saying I had emergency on the bus call 911 to [*sic*] men are fist fighting." (Id.) She states that just before law enforcement arrived, both the Plaintiff and the passenger got off the bus, they were then questioned by law enforcement, and she was questioned by law enforcement; she was advised to wait so that law enforcement can check for any outstanding warrants. (Id.) After being cleared to leave, Ms. Pickens drove the Plaintiff to the "south Bluefield bus to get home." (Id.)

**The Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

6

defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W. Va. 2007) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

**Discussion**

As an initial matter, the undersigned notes that the Plaintiff does not respond or otherwise address the Defendants' arguments that neither prevented him from sitting on the bus or uttered a racial slur towards the Plaintiff. The Plaintiff also does not address the arguments that his riding privileges were suspended due to the altercation he had with other passengers, or that he was determined to have violated the Passenger Conduct Policy. The Plaintiff also does not respond to the Defendants' arguments that they did not violate his Second Amendment right, and that he cannot bring a private cause of action under this Amendment, or that neither were acting under color of law at the time of the incident. The undersigned finds that the Plaintiff's silence on these issues can be construed as a concession to these specific arguments. Intercarrier Communications, LLC v. Kik Interactive, Inc., 2013 WL 4061259, at *3 (E.D. Va. Aug. 9, 2013) (citing Cureton v. U.S. Marshal Serv., 322 F. Supp. 2d 23, 27 (D.D.C. 2004) ("When a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the case."); see Chamblee v. Old Dominion Sec. Co., L.L.C., 2014 WL 1415095, at *8 (E.D. Va. Apr. 10, 2014) ("[Plaintiff] did not respond to the arguments made by any of the defendants with regards to Counts IX and X. As a result, [Plaintiff] abandoned these claims.").

By failing to respond in any way to Defendants' arguments for dismissal of his Section 2000a and Second Amendment claims, the Plaintiff has abandoned them. Indeed, the Plaintiff's own pleadings do not dispute the Defendants' own recounting of the events at issue here – private citizens (other passengers) are alleged to prevent the Plaintiff from taking occupied[3] seats at the

---

[3] Although the Plaintiff also seems to allege that he was "not allowed to sit in the unoccupied seats beside the other person" and this was "ignored by Mr. John [Reeves]", this allegation still fails to demonstrate that either Defendant in this action violated any of the statutes or constitutional rights alleged by the Plaintiff. (See ECF No. 23) Again, the Plaintiff appears to endorse the fact that the Defendants prevented the Plaintiff from taking a seat to ride the bus or

front of the bus, and another passenger called the Plaintiff a racial slur. Accordingly, the undersigned would recommend the Plaintiff's claims be dismissed with prejudice on the basis he fails to address or respond to the Defendant's substantive arguments.

Alternatively, this Court can dismiss the Plaintiff's Complaint because nowhere in the Complaint or in any of his supporting documentation or responsive pleadings does he indicate that the BAT or Reeves actually violated his rights under Sections 2000a, 1983 or any other statute or federal law. The Plaintiff repeatedly alleges private actors, not named in this lawsuit, supposedly violated his rights. Indeed, having reviewed the recording contained on the Plaintiff's DVD exhibit, the undersigned finds that nothing in that video supports the Plaintiff's allegations that his rights were violated in any way by these Defendants – if anything, the video supports the Defendants' arguments that the Plaintiff himself was the aggressor on that day and caused his thirty-day suspension to ride the BAT.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the District Judge **GRANT** *Defendants' Motion to Dismiss Complaint Pursuant to Rule of Civil Procedure 12(b)(6)* (ECF No. 8), **DISMISS** the Plaintiff's Complaint (ECF No. 2) **WITH PREJUDICE,** and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules

---

called him any names: the Plaintiff submitted a hand-written letter purportedly written by Christopher J. Bingham who stated that two bus "patrons refused to let" the Plaintiff sit and called him a racial slur. (ECF No. 24) The Plaintiff subsequently filed a hand-written "witness statement" that indicates "Miss Mary Taylor" "made a mistake" and that she admitted discriminating against the Plaintiff about being able to sit next to her. (ECF No. 40)

6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to the *pro se* Plaintiff and to counsel of record.

ENTER: July 31, 2023.



Omar J. Aboulhosn
United States Magistrate Judge